UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHNNY L. McGOWAN, JR.    ]
    Petitioner,    ]
        ]
v.    ]   No. 3:07-0355
        ]   Judge Campbell
WARDEN JAMES R. WORTHINGTON    ]
    Respondent.    ]

M E M O R A N D U M

On April 2, 2007, the petitioner initiated this action with the filing of a *pro se* petition (Docket Entry No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus. Upon review of the petition and its attachments, it appeared that this action was untimely. Accordingly, an order (Docket Entry No. 2) was entered directing the petitioner to show cause why his petition should not be denied for that reason.

Presently before the Court is the petitioner's "Response to Court's Order to Show Cause"(Docket Entry Nos. 8 and 9). In the Response, the petitioner argues that this action is timely because he is suffering from an ongoing violation of his constitutional rights. He further asserts that the limitation period was tolled so as to allow the late filing of the petition. Finally, he alleges that the "failure to consider the claims will result in a fundamental miscarriage of justice".

As noted in the show cause order, the petitioner's convictions became final in 1994. The one year limitation period applicable to the petitioner did not go into effect until April 24, 1996.

1

28 U.S.C. § 2244(d)(1). Thus, the petitioner had until April 24, 1997 in which to either file his federal habeas corpus petition or initiate a state post-conviction action that would have the effect of tolling the limitation period. 28 U.S.C. § 2254(d)(2). The petitioner states that he filed a petition for state habeas corpus relief in December, 2000, more than three years after the limitation had already expired. Therefore, the limitation period was not tolled and this action is untimely.

The period of limitation does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. <u>Dunlap v. United States</u>, 250 F.3d 1001, 1004 (6th Cir.), <u>cert</u> <u>denied</u>, 534 U.S. 1057 (2001).[1] The doctrine of equitable tolling, however, should be applied sparingly. <u>Id</u>., at pg. 1008. To determine whether equitable tolling would be appropriate in this case, the Court is obliged to consider five factors. These factors include (1) the petitioner's lack of notice of the filing requirement, (2) the petitioner's lack of constructive knowledge of the filing requirement, (3) the petitioner's diligence in pursuing his rights, (4) the absence of prejudice to the respondent, and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. <u>McClendon v. Sherman</u>, 329 F.3d 490, 494 (6th Cir. 2003).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. <u>Id</u>. In this case, it is suggested that the petitioner was acting *pro se* and with complete ignorance of the law. However, a prisoner's *pro se* status and ignorance of the law are wholly insufficient to excuse petitioner's failure to initiate this action in a timely manner. *See*

---

[1] <u>Dunlap</u> involves the equitable tolling of the limitation period for the filing of a motion pursuant to 28 U.S.C. § 2255. Its holding, however, was made applicable to "...... habeas and all other cases....". <u>Dunlap</u> at pg. 1009.

2

Williams v. Lockhart, 873 F.2d 1129, 1130 (8th Cir.), cert. denied, 110 S.Ct. 344 (1989). Therefore, the limitation period that had already expired prior to the filing of this action is not subject to equitable tolling.

The petitioner has alleged that it would be a fundamental miscarriage of justice for the Court to refuse to address the merits of his claims. However, a fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray v. Carrier, 106 S.Ct. 2639 (1986). In this case, the petitioner pled guilty and has not asserted a claim of actual innocence.

Having carefully reviewed the petition, its attachments and the petitioner's Response to the Show Cause Order, the Court finds that the petition is untimely. As a consequence, the petition will be denied and this action shall be dismissed. Rule 4, Rules - - - § 2254 Cases.

An appropriate order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge

3